*No. 9.*

MATTHEWS, JUDGE OF PROBATE, *against* PAGE & HENSHAW. *Addison,* 1818.

AN administrator's neglect to render an account of his administration, according to the condition of his bond, is a breach for which a *creditor* may prosecute.

THIS was an action on an administrator's bond, prosecuted by John Leonard, a *creditor.*

*Case.* In 1813, Nathan Hubbard, of Middlebury, in the Probate District of Addison, died ; the defendant, Page, took out letters of administration on the estate, and on the 8th day of September, 1813, the said Page, as principal, and Henshaw, as surety, executed to the Judge of Probate, for the District of Addison, a bond for the faithful performance of his trust, in the usual form ; that said Hubbard's estate was represented insolvent, and commissioners appointed to receive the claims against the estate, and make return of their doings within six months from the 8th day of September, 1813 ; that Leonard, the prosecutor, exhibited his claim to the commissioners, which was allowed at $101,35 ; that commissioners made their return to the Judge of Probate, of demands allowed by them on the 15th November, 1814 ; that, by the order and decree of said Court of Probate, the said administrator was directed to render and settle the account of his administration, on or before the first Wednesday of September, 1814, and this was likewise one part of the condition of the bond. The inventory was returned 5th January, 1814. No return was made by the administrator, of the account of his administration, until 17th February, 1817, when a settlement of the administrator's account was made

with the Judge of Probate ; and on the 17th February, 1817, a decree was made, that the administrator pay, by the first of March, 1817, the full sums, allowed by the commissioners, against the estate, without interest ; that the administrator has never paid any part of said demand.

The present suit was commenced on the 27th day of November, 1816.

The question for the decision of the Court, is, whether the administrator's not rendering and settling the account of his administration, agreeably to the order of the Judge of Probate, and condition of his bond, is a breach of the bond.

For the plaintiff it was contended—That it is necessary the administrator should render his account, before the Judge of Probate can ascertain what sum shall be paid to the creditors, and therefore the *creditors* are interested in the performance of this part of the condition of the bond.

*Contra.* For defendant—A mere technical breach will not entitle the creditor to prosecute ; the breach must be such an one as affects the prosecutor.

In this case, the commissioners did not return their doings, until *after the time set, by the Judge* of Probate, for the administrator to render his account ; there was no breach on the first Wednesday of September, 1814, and there could be no breach by a *subsequent* neglect to render an account.

The creditor should have applied to the Judge of Probate for an order on the administrator to make return.

By the Court. The neglect of the administrator to render an account of his administration, is a breach of his bond, for which a creditor may prosecute ; the administrator should have complied with the order, or procured further time to settle his account.

*Judgment.* That the plaintiff recover his debt ; and the prosecutor have execution for his damages and costs.

*Seymour*, for plaintiff.

*Chipman* and *Bates*, for defendants.